UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

              **Draft**
              <u>JURY CHARGE</u>
  - against -          15-CR-628 (CBA)

JIYAO JIANG,

       Defendant.
------------------------------------------------------------x

**AMON, United States District Judge:**

Ladies and Gentlemen of the Jury:

  Now it is my responsibility to instruct you on the law.  Your duty is to follow these instructions.  First, I will describe the general rules that govern the duty of a jury in a criminal case.  Second, I will instruct you as to the legal elements of the crime charged in the Indictment.  Finally, I will give you some general instructions about your deliberations.

## 1.  <u>Role of the Court and Jury</u>

  You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion that you may have on what the law may be or should be, it would be a violation of your oaths as jurors to base your verdict upon any view of the law other than that given to you in the instructions of the Court.  You have the important responsibility to judge the facts, and you alone are the judges of the facts— not counsel, and not I.

I express no opinion to you whether the defendant is guilty or not guilty. Nothing I have said or done should be used by you in determining whether a defendant is guilty or not guilty.  You will decide the case solely on the evidence before you and the law.

Your recollection of the evidence governs, not that of counsel.

You are the sole judges of the credibility—that is, the believability—of all witnesses and the weight of all evidence, consistent with the instructions of this Court.

## 2. <u>Equality of the Parties Before the Court</u>

The fact that this prosecution is brought in the name of the United States does not entitle the government to any greater consideration than any other litigant.  By the same token, it is entitled to no less consideration.  No party is entitled to sympathy or favor.  You must carefully and impartially consider all the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences.

## 3. <u>Burden of Proof and Presumption of Innocence</u>

The defendant has pled not guilty, thereby placing in issue each element of the crime charged in the indictment.

The government has the burden of proving guilt beyond a reasonable doubt with respect to each element of the crime the defendant is charged with committing.

This burden never shifts throughout the trial. The defendant does not have to prove his innocence and need not submit any evidence at all.

The defendant is presumed to be innocent, and that presumption of innocence remains with the defendant throughout the trial and must be considered by you in your deliberations.

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. You may draw no inference whatsoever from the fact that the defendant did not take the witness stand. You must not consider the fact that the defendant did not testify.

I have said that the government must prove a defendant's guilt beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a doubt that arises out of a whim; it is not a doubt based upon

speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And, it is not sympathy.

In a criminal case, the burden is at all times on the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt about the guilt of the defendant, based on the evidence or lack of evidence, it is your duty to acquit the defendant.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict the defendant.

## 4.  Weighing the Evidence

In deciding whether to find that the defendant is guilty or not guilty of the crime alleged in the indictment, you must weigh all the evidence before you.  You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

**5.  Types of Evidence**

The evidence upon which you are to decide what the facts are comes in several forms:  First, the sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called the witness.  Second, exhibits that have been received by the Court in evidence.  Finally, testimony or facts to which all the lawyers have agreed or stipulated.

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

A.    The indictment is not evidence against the defendant; it is merely the government's accusation in writing.  It is entitled to no weight in your judgment of the facts.

B.    As I have said before, arguments or statements of lawyers and characterizations of the arguments of other lawyers are not evidence.

C.    Questions alone put to the witnesses are not evidence.

D.    Objections to the questions or to offered exhibits are not evidence.

E.    Anything said or done by the Court is not evidence.

F.    Obviously, anything you may have seen or heard outside the courtroom is not evidence.

If evidence was received for a limited purpose, you must consider it for that purpose only.  Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

**a.     Direct & Circumstantial Evidence**

There are, generally speaking, two types of evidence from which you may find the truth as to the facts.  One is direct evidence—such as the testimony of an eyewitness or physical evidence.  The other is indirect or circumstantial evidence— evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in common experience.

A simple example would be the following:  You come to court on a day when the weather is clear and dry.  After some hours in the courtroom, a person enters through the rear door wearing a raincoat and shaking a wet umbrella.  Without your ever looking outside, you might infer from these circumstances that while you were sitting in court, it had rained outdoors.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

There is no distinction between the weight to be given either direct or circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.

### b.      Inferences

Counsel, in summing up, have asked you to draw certain inferences from the evidence in this case.  Any inferences you draw must be reasonably based on the evidence, and you may infer only such facts as your reason and common sense lead you to believe follow from the evidence.  You are not to engage in speculation based on matters that are not in evidence.

## 6.  Witnesses

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to indicate whether a witness is or is not worthy of belief.  Consider each witness's appearance, conduct, intelligence, motive, state of mind, demeanor, and manner while on the stand.  Consider the witness's ability to observe the matters as to which the witness testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider particularly the relationship each witness bears to either side of the case.  You should also consider the manner in which each witness may benefit in some way, including financially, from the outcome of the case, and the extent to which, if at all, the testimony of each witness is supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their

testimony.  Two or more persons witnessing an incident or a transaction may see or

hear it differently, and innocent misrecollection, like failure of recollection, is not an

uncommon experience.  In weighing the effect of a discrepancy, consider whether it

pertains to a matter of importance or to an unimportant detail, and whether it results

from innocent error or intentional falsehood.

If you believe that a witness has willfully given false testimony with respect

to a material matter, you may disregard the witness's testimony in whole or in part.

But a witness may have been mistaken or may have lied about part of the testimony,

and be accurate about another part.

### a.  Prior Inconsistent Statements

You have heard evidence that a witness made statements on an earlier

occasion which counsel for the defendant argues are inconsistent with the witness's

trial testimony.  A witness on direct examination is supposed to answer to the best

of his or her recollection.  Evidence of a prior inconsistent statement is not to be

considered by you as affirmative evidence bearing on the defendant's guilt or non-

guilt.  Evidence of the prior inconsistent statements you heard about were placed

before you for the more limited purpose of helping you decide whether to believe

the trial testimony of the witness who the defendant argues may have contradicted

himself.  If you find that the witness made an earlier inconsistent statement that

conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether the explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**b. Law Enforcement Witnesses**

You have heard testimony from law enforcement officers.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness and what weight, if any, it deserves.

### c.  Accomplice Testimony

You have heard testimony from prosecution witness Billy Chen, who testified to his own involvement in the crime charged in the indictment.  This witness testified here pursuant to a cooperation agreement through which, in exchange for agreeing to cooperate and testify, certain charges against him were reduced or dismissed, and his cooperation will be brought to the attention of the sentencing judge.

The law allows the use of accomplice testimony.  It is the law in federal courts that the testimony of an accomplice may be enough, by itself, for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  I also instruct you that there is nothing improper in the government's use of cooperation agreements.  The government is permitted to enter into such cooperation agreements and to make such promises to the cooperating witness.  Your concern then is not with the propriety of using such a cooperating witness; it is with whether the government has proved the defendant guilty beyond a reasonable doubt based on all the evidence in the case, regardless of whether some of that evidence was obtained by the use of a cooperating witness.

Because of the very nature of accomplice and cooperator testimony, however, it must be scrutinized with greater care than the testimony of an ordinary witness.  It should be viewed with particular caution.  You should, for example, ask yourselves whether the cooperating witness would benefit more by lying or by telling the truth.

Was the testimony of the cooperator made up in any way because he believed or hoped that he would receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color the witness's testimony?  In sum, you should look at all of the evidence in deciding whether you believe the accomplice witness and what weight, if any, to give his testimony.

## 7.  Objections

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney honestly believes is not properly admissible.  You should not hold it against an attorney or the attorney's client, meaning either the defendant or the government, because the attorney has made objections or because of anything else the attorney may have said or done.

When the Court has sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inferences from the wording of it, or speculate about what the witness would have said if he or she had been permitted to answer the question.

**8.  Irrelevance of Possible Punishment**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively with the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.  Under your oaths as jurors, you cannot allow a consideration of the punishment that may be imposed upon a defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

**9.  Substantive Charges**

I will now instruct you on the legal elements of the crime charged in the Indictment.  That is to say, I will now instruct you on the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt in this case on each of the crime charged.

The defendant is formally charged in a one-count Indictment.  The Indictment is a charge or accusation and is not evidence.  During my instructions, I will read portions of the Indictment to help you understand the charge.

**a.  Dates Approximate**

The Indictment charges "on or about" certain dates.  The government need not establish with certainty the exact date of the alleged offenses.  It is sufficient if

the evidence establishes beyond a reasonable doubt that the defendant committed the offense on a date reasonably near the date alleged.

### b.  Knowing and Intentional Conduct

During these instructions, you will hear me use the words "knowingly" and "intentionally" from time to time.

An act is done "knowingly" if it is done purposefully and voluntarily, and not because of mistake or accident or mere negligence or some other innocent reason. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

To act "intentionally" means that the defendant acted deliberately and purposefully.  A defendant need not have been aware of a specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

For you to determine whether the government has proved beyond a reasonable doubt that a defendant acted knowingly and intentionally, you must make a decision about that defendant's state of mind.  It is obviously impossible to prove directly the operation of a defendant's mind.  But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and exhibits in the case may enable you to infer what the defendant's state of mind was.  Whether the defendant acted knowingly and intentionally is a matter of inference from the proven facts.

* * *

I will now proceed to discuss the offense charged in the indictment.

### c.  Charge: Count One – Extortionate Collection of Credit Conspiracy

The count against the defendant alleges that he conspired to use extortionate means to collect an extension of credit.  The count reads follows:

> In or about and between October 2013 and December 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JIYAO JIANG, also known as "Yi Qiang," together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe 1.

Under section 894 of Title 18 of the United States Code, it is a crime to conspire to collect or attempt to collect extensions of credit by extortionate means. I will first instruct you regarding the crime of conspiracy, and then I will instruct you on the elements of the crime of using extortionate means to collect an extension of credit.

Conspiracy

 In order to satisfy its burden of proof, the government must establish each of the following three elements beyond a reasonable doubt:

FIRST, that two or more persons entered into the unlawful agreement charged in Count One;

SECOND, that the defendant knowingly and willingly became a member of the conspiracy; and

14

THIRD, that the object of the conspiracy was to use extortionate means to collect or attempt to collect any extension of credit.

The First Element – Agreement of Two or More Persons

The first element of conspiracy requires proof beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in Count One. In other words, one cannot commit the crime of conspiracy by oneself. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme.

The gist of the crime of conspiracy is the unlawful combination or agreement to violate the law. Accordingly, a conspiracy, even if it should fail of its purpose, is nevertheless a crime. And it is not necessary for the government to prove that the individuals accomplished what it is alleged they conspired to do. In other words, the government does not have to show that the conspiracy was successful.

Now, to prove that two or more persons entered into a common agreement, the government need not establish that the members of the conspiracy met together and entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished. It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. You may also infer the existence of a conspiracy from the circumstances and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.

In determining whether a particular conspiracy charged in the Indictment actually existed, you may consider the evidence of the acts and conduct of the alleged conspirators as a whole and the reasonable inferences to be drawn from such evidence.  If, upon consideration of the evidence, you find beyond a reasonable doubt that the minds of at least two of the alleged conspirators met in an understanding, and that they agreed, as I have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful act alleged in the Indictment, then proof of the existence of the conspiracy is complete.

The Second Element – Knowing Participation in Conspiracy

As to the second element, the government must prove that the defendant knowingly, willfully, and voluntarily became a participant in, or member of, the conspiracy charged in Count One.

If you are satisfied that the conspiracy charged in the Indictment existed – which is the focus of the first element -- you must then ask yourselves who the members of that conspiracy were.  In deciding whether the defendant was, in fact, a

member of the conspiracy charged, you should consider whether, based upon all of the evidence, it is shown that the defendant knowingly and willfully joined the conspiracy. Did he participate in it with the knowledge of its unlawful purpose and with the specific intention of furthering its business or objective? In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy he must have had a stake in the venture or its outcome. This may, but need not necessarily be, a financial interest in the scheme. If you find that a defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

The key question is whether the defendant joined the conspiracy with an awareness of the basic aim and purpose of the unlawful agreement charged in the count that you are considering. A defendant need not have known the identities of each and every other member of the conspiracy. He need not have been fully informed as to all of the details or the scope of the conspiracy. He need not have been a member of the conspiracy for the entire time of its existence. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme.

I must caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, be friendly with, or work with a criminal without being a criminal himself.

Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, though you may consider any such evidence together with other evidence in deciding whether or not the government has met its burden of proof as to the defendant's knowing and willful membership in the conspiracy.  I also want to caution you that mere knowledge of, or acquiescence without participation in, the unlawful plan is not sufficient to prove membership.  Moreover, the fact that the defendant, without knowledge, merely happens to act in a way that furthers the purposes or objectives of the conspiracy, does not make him a member.  More is required under the law.

What is required is that a defendant must have participated with knowledge of the purpose or objective of the conspiracy and with the intention of aiding in the accomplishment of that unlawful end.

The Third Element – Object of the Conspiracy

The third element the government must prove beyond a reasonable doubt as to Count One is that the object of the conspiracy was to use extortionate means to collect or attempt to collect any extension of credit.  I will now instruct you on the meanings of these terms, as I instruct you on the elements of extortionate collection of credit.

Extortionate Collection of Credit

The defendant is charged with having conspired to commit extortionate collection of credit.

Section 894 of Title 18 of the United States Code provides in pertinent part:

Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means (1) to collect or attempt to collect any extension of credit, or (2) to punish any person for the nonrepayment thereof [commits a crime].

The government does not have to prove that an extension of credit was actually collected through the use of extortionate means in order to prove the extortionate collection of credit conspiracy charge against the defendant. Nevertheless, you will need to understand the elements of the underlying crime, which I will now give you.

The crime of extortionate collection of credit has three elements:

FIRST, that the defendant collected or attempted to collect an extension of credit;

SECOND, that the defendant used extortionate means to collect or attempt to collect the extension of credit; and

THIRD, that the defendant participated knowingly in the use of extortionate means.

Now I will discuss these elements in more detail with you.

First Element: Collection of an Extension of Credit

The first element of the offense of extortionate collection of credit is that the defendant collected or attempted to collect an extension of credit.  To collect means simply to induce a person to make a payment of money.  To extend credit means to make or renew any loan, or to enter into any agreement, tacit or express, to postpone the repayment of a debt or claim.  It makes no difference whether the debt or claim in question is valid or acknowledged, or how it may have arisen.

Second Element: Use of Extortionate Means

The second element of the offense of extortionate collection of credit is that the defendant used extortionate means when he collected or attempted to collect the extension of credit.

The statute defines "extortionate means" as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person."  The defendant's actions need not cause actual fear.  You need only find that the defendant "intended

to take actions which reasonably would induce fear in an ordinary person." The second element is, in other words, directed at the conduct of the defendant, not at the state of mind of the victim.

Third Element: Knowledge

The third element of the offense is that the defendant knowingly participated in the use of extortionate means. Knowingly means to act voluntarily and purposely and not by mistake or accident or other innocent reason.

In sum, I remind you that Count One does not allege that an extortionate collection of credit was actually committed. Count One charges the defendant with conspiring to commit an extortionate collection of credit.

**d. Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

## 10. <u>Closing Instructions</u>

Remember, it is your recollection of the evidence that governs.

If you wish to have some part of the testimony repeated, you may make that request.  I will call you into court and have the court reporter read those portions of the testimony you desire to hear.  You can have anything read back to you.  I suggest, however, that you be specific in your requests to avoid hearing something that you do not need to assist you in your deliberations.

I will also send into the jury room the exhibits admitted into evidence, with the exception of the video recording.  If you wish to watch the video recording, just send me a note and I will bring you into court to listen to the recordings.

If in the course of your deliberations you wish further help on the law, or if you wish to hear any further explanation about the law, you may send me a note telling me what you would like.  I will, however, provide you with a copy of my jury instructions.  You must consider the instructions as a whole and not single out any one instruction as stating the law.

If you wish during your deliberations to communicate with the Court, you may send a note by the marshal.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching on the merits of the case, other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person—not even in open court—how the jury stands, numerically or otherwise, on the question of the guilt or the innocence of the accused until after you have reached a unanimous verdict.

You are entitled to your own opinions, but you should exchange views with your fellow jurors and listen carefully to each other.  Do not hesitate to change your opinion if you become convinced that another person is correct.  But you must each make your own decision.

I will send you a verdict form which will list a space for you to mark off your verdict, either guilty or not guilty.  Any verdict you reach must be unanimous.  That means that the verdict, whether guilty or not guilty, must be agreed upon by all of you.

When you reach a verdict send me a note saying that you have reached a verdict, but do not state in the note what your verdict is.

Traditionally, Juror Number 1 serves as foreperson.  If, however, Juror Number 1 does not wish to serve as foreperson, when you go to the jury room to begin considering the evidence in this case, I suggest that you first select another member of the jury to act as your foreperson.

In conclusion, let me advise you that your oath sums up your duty, and that is: without fear or favor to any person, you will well and truly try the issues before

these parties according to the evidence given to you in this court and the laws of the United States.